# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | CRIMINAL ACTION |
| v. ) | |
| ) | No. 08-450-KHV |
| WILLIAM I. WILSON, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

## MEMORANDUM AND ORDER

On October 21, 2008, in relation to defendant's water filter system businesses from March of 2000 to November of 2003, a grand jury returned an indictment which charged defendant with nine counts of mail fraud in violation of 18 U.S.C. § 1341 and one count of wire fraud in violation of 18 U.S.C. § 1343.[1]  See Indictment (Doc. #1 in Case No. 08-cr-450 or the "450 Case").  This matter is currently scheduled for trial on January 3, 2011.  On December 1, 2010, the Court ordered defendant to show cause in writing why Mr. Gainor should not be designated as lead counsel.  See Order And Order to Show Cause (Doc. #184).  On December 2, 2010, the Court overruled the government's motion to continue trial.  See Memorandum And Order (Doc. #185).  This matter is before the Court on The United States Of America's Second Motion To Continue Trial [corrected copy] (Doc. #193) filed December 13, 2010, the Second Motion For Clarification By Advisory Counsel (Doc. #194) filed

---

[1]  On June 18, 2008, as part of a separate case, a grand jury returned a 21-count indictment which charged defendant with 17 counts of bank fraud in violation of 18 U.S.C. § 1344, two counts of aggravated identity theft in violation of 18 U.S.C. § 1028A, and two counts of fraudulent use of a social security number in violation of 42 U.S.C. § 408.  See Indictment (Doc. #14 in Case No. 08-cr-263 or the "263 Case").  On December 2, 2009, a grand jury returned a superseding indictment in the 263 Case to add a count for fraud in connection with an access device in violation of 18 U.S.C. § 1029, three additional counts of fraudulent use of a social security number in violation of 42 U.S.C. § 408 and one additional count of aggravated identity theft in violation of 18 U.S.C. § 1028A.  See Superseding Indictment (Doc. #102 in 263 Case).

December 13, 2010, defendant's <u>Emergency Motion to Compel Co-Counsel To Act</u> (Doc. #195) filed December 13, 2010  and the responses to the order to show cause why Mr. Gainor should not be designated as lead counsel.[2]

**I.      Government's Second Motion To Continue Trial (Doc. #190)**

On August 13, 2010, the Court ruled that the 263 Case and the 450 Case should be joined for trial on October 29, 2010.  <u>See</u> <u>Courtroom Minutes</u> (Doc. #136).  At the hearing on August 13, 2010, the Court initially proposed to schedule trial in both cases for January 3, 2011.  Because of speedy trial concerns, however, the Court scheduled trial for October 29, 2010.  The Court explained that if either party filed a meritorious motion to continue trial, the trial would be continued to January 3, 2011.  It explained that the Court's calendar was open for two weeks beginning that date and that this was a very narrow window of opportunity.

On September 20, 2010, defendant filed a motion to continue trial in both cases until January 3, 2011.  <u>See</u> <u>Defendant's Motion To Continue Trial</u> (Doc. #166).  Defendant stated that based on the volume of discovery particularly in the 450 Case, he needed additional time to prepare for trial.  The government did not oppose a continuance but requested that trial not commence on January 3, 2011 because of the "great inconvenience" to ask its witnesses to prepare for trial during the week between Christmas and New Year's.  <u>United States Of America's Response To Defendant's Motion To Continue Trial</u> (Doc. #172) filed October 4, 2010 at 5.  The Court found that the 263 Case should go forward as scheduled on October 29, 2010 while the 450 Case should be continued to January 3, 2011.  <u>See</u>

---

[2]      The show cause responses include the <u>Statement Of William I. Wilson</u> (Doc. #186-1) filed December 6, 2010, <u>Advisory Counsel's Response To The Court's Order And Order To Show Cause</u> (Doc. #187) filed December 7, 2010 and <u>The United States Of America's Response to Order And Order to Show Cause</u> (Doc. #184) (Doc. #192) filed December 13, 2010.

Memorandum And Order (Doc. #174) filed October 8, 2010 at 2. As to the 450 Case, the Court considered the government's scheduling concern, but because neither counsel nor the Court had conflicts with January 3, 2011, the Court had specifically reserved that date as a back-up trial date, and to protect defendant's right to a speedy trial, the Court set trial in this case to commence on January 3, 2011. Id. at 3. The Court noted that "[g]iven the age of this case and the many prior continuances, this trial date is a firm trial date and will not be continued absent truly extenuating and unforeseeable circumstances and a clear demonstration of due diligence." Id. (emphasis in original).

On or about November 1, 2010 at the start of trial in the 263 Case, government counsel mentioned to court personnel off the record that counsel might ask to continue the 450 Case based on witness availability issues. The Court heard nothing further on that issue until November 30, 2010, when the government filed its first motion to continue trial in this case. See Government's Motion To Continue Trial (Doc. #183). The government argued that three of its witnesses were scheduled to be out of the District of Colorado when trial was scheduled to commence on January 3, 2011.[3] The Court overruled the motion and noted as follows:

> The government has not shown "truly extenuating and unforeseeable circumstances" and a "clear demonstration of due diligence." Memorandum And Order (Doc. #174) at 3. In particular, the government has not explained its delay in filing the motion to continue and what efforts it has taken to obtain the testimony of the witnesses without a continuance of trial.

Memorandum And Order (Doc. #185) filed December 2, 2010 at 2.[4]

---

[3] The government identified the three witnesses as David Cole, the designated representative of Aqua Finance and Jeremiah Searle. See id. at 2. Although the Court understood that Cole was defendant's former business partner, the government did not specifically show that the testimony of the three witnesses was important to its case.

[4] The Court noted that the government did not explain whether it had asked the witnesses
(continued...)

-3-

Two weeks later, the government filed a second motion to continue. The government argues that three of its witnesses plan to be away from the District of Colorado during trial.[5] As to each witness, however, the Court finds that the government is largely able to accommodate the witness travel plans and still be able to start trial on January 3, 2011. In particular, the Court notes as follows:

**David Cole**: The government concedes that Cole has offered to forgo his trip to Russia from December 22, 2010 to January 12, 2011. It argues that it would be a hardship on Cole to do so, but does not explain why Cole cannot return to Colorado during the week of January 3, 2011 or why the government could not call Cole (out of order if necessary) when he returns to Colorado on January 10 or 12.[6]

**Miranda Lezcano**: The government notes that Lezcano plans to be out of the country from December 23, 2010 until January 14, 2011. The government acknowledges that it could depose Lezcano, but that it would need to do so before December 23.[7] In addition, as an alternative, the government could call Lezcano when she returns to Colorado on January 14 or January 18.[8]

**Jeremiah Searle**: The government notes that Searle plans to be in Utah from

---

[4](...continued)
to re-schedule their vacations or change their return dates. In addition, to the extent that witnesses were truly unavailable, the government did not show that it could not preserve their testimony for trial by taking depositions. See Fed. R. Crim. P. 15.

[5] The government also argues that one of its two attorneys must be away from Colorado from December 21 through 29, 2010 for an unanticipated family crisis.

[6] Government counsel initially informed the Court that David Cole was scheduled to return from Russia "on or about January 10, 2011." Government's Motion To Continue Trial (Doc. #183) at 2. The government now states that Cole will return to Colorado on January 12, 2011. See The United States Of America's Second Motion To Continue Trial [corrected copy] (Doc. #193) at 4.

[7] **If the government intends to pursue this option as to Lezcano or any other witness, on or before December 16, 2010 at 9:30 a.m. MST, it should file a separate motion with proposed dates and locations for the depositions. On or before December 17, 2010 at 11:00 a.m. MST, defendant may file a response to any such motion.**

[8] If all evidence except Lezcano is completed by January 13, the Court is willing to recess trial and reconvene on January 14 or 18. The parties have estimated that trial will last ten days, but that government counsel has a conflict on January 14. To the extent possible, the Court intends to accommodate government counsel in this regard.

-4-

>December 17, 2010 until January 4, 2011. The government does not explain why it cannot call Searle after he returns to Colorado on January 4.

Defendant opposes a continuance of trial on January 3, 2011. As noted in a prior order, given the Court's trial schedule in 2011, along with the schedules of counsel, it is clear that if this trial is postponed, it will be delayed well into 2011 if not beyond. See Memorandum And Order (Doc. #185) at 2 n.2. This case already has been pending some 26 months and a further continuance would risk violating defendant's right to a speedy trial. See Doggett v. United States, 505 U.S. 647, 652 n.1 (1992) (delay of trial that approaches one year presumptively prejudicial). Four months ago, the Court specifically blocked out two weeks starting January 3, 2011 so that if the trial of either the 263 Case or the 450 Case was not able to take place starting October 29, 2010, the trial of the remaining case or cases would commence on January 3, 2011. At the hearing on August 13, 2010, the Court fully communicated this information to the parties and counsel – without objection. The government has not shown "truly extenuating and unforeseeable circumstances" and a "clear demonstration of due diligence." Memorandum And Order (Doc. #174) at 3. For the above reasons, the Court overrules the government's motion to continue trial.

## II. Role Of Counsel

On December 1, 2010, the Court ordered defendant to show cause in writing why Mr. Gainor should not be designated lead counsel. See Order And Order to Show Cause (Doc. #184). In response, defendant states that he wants Mr. Gainor to represent him as lead counsel at trial, but because Mr. Gainor will not be ready by January 3, 2011, he would like to continue his pro se status.[9] See Statement

---

[9] The government suggests that defendant has vacillated on his position on representation. See The United States Of America's Response to Order And Order to Show Cause (Doc. #184) (Doc. #192) at 2. Defendant has expressed alternative positions (that is, he would prefer Mr. Gainor as lead
(continued...)

Of William I. Wilson (Doc. #186-1) at 1.  Defendant, however, asks that the Court consider allowing Mr. Gainor to act as co-counsel in a hybrid capacity.  See id.

In both the 263 Case and the 450 Case, defendant "voluntarily and intelligently" elected to conduct his own defense.  Faretta v. California, 422 U.S. 806, 835 (1975) (quoting Johnson v. Zerbst, 304 U.S. 458, 464-65 (1938)).  The Court appointed standby counsel essentially to help "steer . . . defendant through the basic procedures of trial."  McKaskle v. Wiggins, 465 U.S. 168, 184 (1984); see United States v. Gomez-Rosario, 418 F.3d 90, 100 (1st Cir. 2005) (court may use standby counsel to facilitate orderly functioning of proceedings so long as defendant retains control over significant tactical decisions and on any matter of importance).

Defendant has no statutory or constitutional right to hybrid representation.  United States v.

---

[9](...continued)
counsel for trial on January 3, but if that is not possible, he prefers to remain pro se and keep the January 3 trial date), but he has not expressed any reservation about his ability to present his case pro se.  Defendant wants to proceed on January 3 and he wants to do so pro se.  See Defendant's Declaration (Doc. #191) filed December 10, 2010 at 1 (opposes continuance of trial for any reason); Statement Of William I. Wilson (Doc. #186-1) filed December 6, 2010 at 1 (if Mr. Gainor cannot be ready by January 3, he would like to continue his pro se status).

The Court has no reason to question whether defendant's election to proceed pro se is knowing, voluntary and intelligent.  The Court has throughgly addressed the issue of defendant's choice to represent himself.  On April 19, 2010, before this case was transferred to the undersigned judge, the Honorable Marcia S. Kreiger conducted a hearing and after a colloquy with defendant, concluded that defendant "is competent and he has knowingly and voluntarily waived his right to be represented by counsel."  Reporter's Transcript: [April 19, 2010] Hearing on Motions (Doc. #130) at 11.  On March 15, 2010 in the 263 Case, the undersigned judge conducted a hearing and colloquy with defendant, and also determined that defendant "knowingly and voluntarily relinquished his right to counsel" and that he was "competent to proceed with self-representation" in that case.  Reporter's Transcript: Competency Hearing (Doc. #176 in 263 Case) at 41.  In both cases, a court-appointed psychiatrist concluded that defendant was able to make a knowing, voluntary and intelligent decision to waive his right to counsel and proceed pro se.  See Report Of Dr. Richard Martinez (Doc. #94 in 450 Case) filed April 19, 2010.  Finally, when the issue of standby counsel was raised on multiple occasions during trial in the 263 Case, defendant appeared to fully appreciate the limited legal role of standby counsel and understood that he remained in charge of conducting his own defense.  In the 263 Case, until defendant fled, defendant vigorously, knowingly and willingly acted as pro se advocate.

McKinley, 58 F.3d 1475, 1480 (10th Cir. 1995); United States v. Hill, 526 F.2d 1019, 1025 (10th Cir. 1975), cert. denied, 425 U.S. 940 (1976); see McKaskle, 465 U.S. at 183 (Faretta does not require trial judge to permit hybrid representation). Mr. Gainor objects to serving as co-counsel or otherwise acting in a hybrid capacity. See Second Motion For Clarification By Advisory Counsel (Doc. #194) at 1. In particular, Mr. Gainor thinks that a conflict could arise and he would have insufficient time to prepare for this case in a co-counsel capacity. See id. In light of these concerns and the difficulties inherent in hybrid representation, the Court declines to order Mr. Gainor to serve as co-counsel.[10] See United States v. Treff, 924 F.2d 975, 979 n.6 (10th Cir. 1991) (decision to allow hybrid representation and to limit defendant's participation in representation within discretion of trial court).

Mr. Gainor asks the Court to further clarify his role. At this point, Mr. Gainor remains standby counsel for trial of the 450 Case. Absent any indication to the contrary, the Court anticipates that Mr. Gainor's role at trial will be similar to his role in the 263 Case before defendant fled.[11]

### III. Defendant's Emergency Motion (Doc. #195)

Defendant asks the Court to compel Mr. Gainor to complete a number of pretrial tasks as co-counsel. As explained above, the Court declines to order Mr. Gainor to serve as co-counsel. Accordingly, the Court largely overrules defendant's request. As standby counsel, Mr. Gainor should

---

[10] This conclusion is informed by the extensive pretrial proceedings in which defendant appeared pro se in both cases, and his inability or unwillingness to work with two prior court-appointed attorneys. Defendant appears to have expectations of counsel which are not consistent with their ethical responsibilities. As a result, conflicts about trial strategy would appear to be inevitable if Mr. Gainor were to serve as co-counsel.

[11] The Supreme Court has explained the basic contours of the role of standby counsel as helping to relieve the trial judge "of the need to explain and enforce basic rules of courtroom protocol or to assist the defendant in overcoming routine obstacles that stand in the way of the defendant's achievement of his own clearly indicated goals." McKaskle, 465 U.S. at 184.

be reasonably available for advice when defendant requests help. The Court declines to order Mr. Gainor to assist defendant "in all possible ways." Emergency Motion to Compel Co-Counsel To Act (Doc. #195) at 3. As noted elsewhere, defendant has waived his right to counsel and relinquished many of the traditional benefits associated with counsel. See Faretta, 422 U.S. at 835. The Court has appointed Mr. Gainor to assist defendant on legal matters, not as his investigator or clerical assistant.[12] As in the 263 Case, the Court will permit defendant to use the services of a private investigator who may be able to conduct some of the tasks identified in defendant's emergency motion such as help with subpoenas and the logistics of drafting and submitting various documents to the Court. The Court therefore sustains defendant's motion in part. The Court directs Mr. Gainor to be reasonably available for advice when defendant requests help and to coordinate with defendant's private investigator as to other pretrial and trial tasks.

## IV.   Inquiry Of Defendant's Preparation For Trial

The government asks the Court to hold a hearing to determine whether defendant is prepared to represent himself at the trial starting January 3, 2011. See The United States Of America's Response To Order And Order To Show Cause (Doc. #184) (Doc. #192) at 2. The government notes that on September 20, 2010, defendant asked to continue trial in both cases so he could have "reasonable time for effective trial preparation." Id. at 3 (quoting Defendant's Motion To Continue (Doc. #166) at 1). Defendant's prior motion to continue suggests that defendant would have filed a motion to continue by now if he felt that he was unprepared for trial in this case. Defendant has stated, however, that he does not want the Court to postpone the trial on January 3, 2011 for any reason. See Defendant's

---

[12]   When the Court initially allowed defendant to proceed pro se, he recognized that standby counsel would perform a limited role such as explaining rules of evidence and other legal matters. See Reporter's Transcript: [April 19, 2010] Hearing on Motions (Doc. #130) at 9-10.

Declaration (Doc. #191) at 1.  Moreover, in his prior motion to continue, defendant asked to continue trial until January 3, 2011 so that he could adequately prepare for trial.  Absent any information to the contrary, the Court assumes that defendant asked for adequate time to prepare his defense.  In these circumstances, the Court finds no reason to inquire into the adequacy of defendant's trial preparations.[13]

The government notes Mr. Gainor's statement that to provide "effective assistance of counsel," it would be necessary to review more than 9,500 pages of documents, locate and interview several witnesses and consult with and possibly hire one or more experts.  The United States Of America's Response to Order And Order to Show Cause (Doc. #184) (Doc. #192) at 4.  To exercise his right to self representation under Faretta, however, defendant need not establish that his performance will be equivalent to "effective assistance of counsel."  As noted, by waiving his right to counsel, defendant voluntarily relinquished many of the traditional benefits associated with the right to counsel.  See

---

[13] The Court has an obligation to ensure that any waiver of counsel is knowing, voluntary and intelligent and that defendant is competent to represent himself.  See Iowa v. Tovar, 541 U.S. 77, 81 (2004); Johnson v. Zerbst, 304 U.S. at 464.  After the Court approves self representation under Faretta, it need not constantly monitor the adequacy of defendant's trial preparation.  Moreover, a defendant cannot re-assert his right to counsel on the eve of trial and thereby achieve a delay.  Once waived, the Sixth Amendment right to counsel is no longer absolute.  See United States v. Leveto, 540 F.3d 200, 207 (3d Cir. 2008); United States v. Solina, 733 F.2d 1208, 1211-12 (7th Cir.), cert. denied, 469 U.S. 1039 (1984); United States v. Merchant, 992 F.2d 1091, 1095 (10th Cir.1993); see also McKaskle, 465 U.S. at 183 (no constitutional right to choreograph special appearances by counsel); United States v. Reddeck, 22 F.3d 1504, 1510-11 (10th Cir. 1994) (once defendant has elected to waive appointed counsel or right to defend himself, no unlimited right to thereafter change his mind and seek other path of representation); United States v. Padilla, 819 F.2d 952, 959 (10th Cir. 1987) (defendant may not use right to proceed pro se to play "cat and mouse game" with court).  Particularly as the trial date draws nearer, the Court can and should consider the practical concerns of managing its docket and the impact that a request may have on its general responsibilities for the prudent administration of justice.  Leveto, 540 F.3d at 207; see Solina, 733 F.2d at 1211-12 (constitutional right to defend himself comes with responsibilities; if at last minute defendant gets cold feet and wants lawyer to defend him, he runs risk that judge will hold him to original decision to avoid disruption of court schedule); see also United States v. Pollani, 146 F.3d 269, 273 (5th Cir. 1998) (pro se defendant may not abuse his right by strategically requesting special appearances by counsel or by repeatedly altering his position on counsel to achieve delay or obstruct orderly administration of justice).

Faretta, 422 U.S. at 835. In any event, based on defendant's performance at the hearing on September 15 and 16, 2010 and at trial in the 263 Case, defendant is obviously quite familiar with the many documents in this case.

**V.     Defendant's Motion To Possess Grand Jury Transcripts (Doc. #189)**

Defendant asks for permission to receive and possess either a hard copy or a CD version of grand jury transcripts in this case. On or before December 16, 2010, the government may file a brief in opposition to defendant's motion. If no opposition is filed, defendant's motion will be sustained as uncontested.

**IT IS THEREFORE ORDERED** that The United States Of America's Second Motion To Continue Trial [corrected copy] (Doc. #193) filed December 13, 2010 be and hereby is **OVERRULED**. Trial of the 450 Case remains set for January 3, 2011 at 9:30 a.m. **On or before December 16, 2010 at 9:30 a.m. Mountain Standard Time, if the government seeks to take any depositions under Rule 15 of the Federal Rules of Criminal Procedure, it shall file a motion requesting such relief with proposed dates and locations for the depositions. On or before December 17, 2010 at 11:00 a.m. Mountain Standard Time, defendant may file a response to any such motion.**

**IT IS FURTHER ORDERED** that the Second Motion For Clarification By Advisory Counsel (Doc. #194) filed December 13, 2010 be and hereby is **SUSTAINED**. Mr. Gainor is standby counsel for trial of the 450 Case.

**IT IS FURTHER ORDERED** that defendant's Emergency Motion to Compel Co-Counsel To Act (Doc. #195) filed December 13, 2010 be and hereby is **SUSTAINED in part**. The Court directs Mr. Gainor to be reasonably available for advice when defendant requests help and to coordinate with defendant's private investigator as to other pretrial and trial tasks. Defendant's motion is otherwise overruled.

**IT IS FURTHER ORDERED** that **on or before December 16, 2010, the government may file a brief in opposition to <u>Pro Se Defendant's Motion For Order Granting Permission To Possess Grand Jury Transcripts</u> (Doc. #189) filed December 8, 2010.  If no opposition is filed, defendant's motion will be sustained as uncontested.**

Dated this 15th day of December, 2010, at Kansas City, Kansas.

<u>s/ Kathryn H. Vratil</u>
KATHRYN H. VRATIL
United States District Judge
