**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| **Plaintiff,** | ) | **CRIMINAL ACTION** |
| v. | ) | |
| | ) | **No. 08-450-KHV** |
| WILLIAM I. WILSON, | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on the Government's Motion To Dismiss Indictment (Doc. #352)

filed September 20, 2011 and defendant's Motion For Judge Recusal 28 U.S.C.S. Section 455(a) (Doc.

#358) filed September 30, 2011.[1]  For reasons stated below, the Court overrules defendant's motion to

recuse and sustains the government's motion to dismiss.

**I.     Jurisdiction To Hear Current Motions**

On June 13 and 15, 2011, defendant appealed the Court's ruling on his motion for appointment

of trial counsel. See Notice Of Appeal (Doc. #304); First Amended Notice Of Appeal [And] Petition

For A Writ Of Mandamus (Doc. #307).  On June 14, 2011, the Tenth Circuit ordered the parties to brief

the issue of whether the district court order which denied appointment of counsel constitutes a final

appealable decision under 28 U.S.C. § 1291 or any recognized exception to the final judgment rule.

Normally, an interlocutory appeal divests the district court of jurisdiction to hear any matter related to

the appeal. Stewart v. Donges, 915 F.2d 572, 576 (10th Cir. 1990).  Defendant did not identify the

issue of recusal in his notice of appeal or amended notice of appeal.  Because it appears that defendant

has not properly raised the issue of recusal, this Court has jurisdiction to address defendant's motion

---

[1]     On September 30, 2011, defendant filed a Reply In Opposition To Motion Dismiss (Doc. #357).

for recusal.[2]

On June 21, 2001, defendant filed a Petition For A Writ Of Mandamus which asked the Tenth

Circuit to appoint lead counsel and to order that the undersigned judge recuse from the case. Absent

a stay, the filing of a petition for mandamus does not divest the district court of jurisdiction. See Moore

v. Busby, 92 Fed. Appx. 699, 702 (10th Cir. 2004); Woodson v. Surgitek, Inc., 57 F.3d 1406, 1416 (5th

Cir. 1995). Liberally construing defendant's arguments, he seeks a stay of further proceedings under

Rule 8(a)(1)(A) of the Federal Rules of Appellate Procedure.[3] See United States v. Hines, 689 F.2d

934, 937 (10th Cir. 1982) (noting availability of stay under Fed. R. App. P. 8) (citing United States v.

Leppo, 634 F.2d 101, 103-05 (3d Cir. 1980)); United States v. Mitchell, No. 08-CR-125-DAK, 2010

WL 4386480, at *1 (D. Utah Oct. 26, 2010) (applying Fed. R. App. P. 8 to request stay of criminal

proceedings pending mandamus action). In evaluating whether to grant a stay, the Court must consider:

(1) the basis for jurisdiction in this Court and the Court of Appeals; (2) the likelihood of success on

---

[2]      In any event, even if defendant had properly raised the recusal issue in his notice of appeal, it would have been subject to dismissal as an appeal of a non-final order. A criminal defendant can pursue an interlocutory appeal "only where the constitutional or statutory protection relied upon confers a right not to be tried." United States v. Wampler, 624 F.3d 1330, 1337 (10th Cir. 2010); cf. Abney v. United States, 431 U.S. 651, 659 (1977) (denial of pretrial motion to dismiss indictment on double jeopardy grounds appealable as collateral order under 28 U.S.C. § 1291). To the extent that the Tenth Circuit construes defendant's pending appeal as raising the issue of recusal of the undersigned judge, the Tenth Circuit dismisses such appeals as appeals of non-final orders. See Armstrong v. Rushton, 101 Fed. Appx. 775, 777 (10th Cir. 2004) (denial of motion to recuse is interlocutory ruling not immediately appealable); Lopez v. Behles (In re Am. Ready Mix, Inc.), 14 F.3d 1497, 1499 (10th Cir.) (same), cert. denied, 513 U.S. 818 (1994); see also United States v. Phillips, 420 Fed. Appx. 269, 269 (4th Cir. 2011) (order denying motion to recuse and re-assign case may not be appealed until after final judgment); United States v. Hinton, 420 Fed. Appx. 270, 270 (4th Cir. 2011) (same); Local No. 44 of Intern. Alliance of Theatrical Stage, 886 F.2d 1320, 1989 WL 117195 (Table), at *2 (9th Cir. Sept. 29, 1989) (no jurisdiction over appeals from denial of motion to recuse).

[3]      Rule 8(a)(1)(A), Fed. R. App. P., states that a party must ordinarily file such a motion first in the district court.

appeal; (3) the threat of irreparable harm if the stay is not granted; (4) the absence of harm to opposing

parties if the stay is granted; and (5) any risk of harm to the public interest.  10th Cir. R. 8.1; Homans

v. City of Albuquerque, 264 F.3d 1240, 1243 (10th Cir. 2001).  As to the first factor, because defendant

has raised the recusal issue through a writ of mandamus, it appears that both this Court and the Tenth

Circuit have jurisdiction over the issue.  See Moore, 92 Fed. Appx. at 702 (filing of petition for

mandamus does not divest district court of jurisdiction).  The second factor – likelihood of success on

appeal – strongly counsels against a stay.  Given the high standard for mandamus relief and the fact that

defendant did not raise the recusal issue in district court, defendant likely will not obtain mandamus

relief.  See In re Antrobus, 519 F.3d 1123, 1124 (10th Cir. 2009) (mandamus is drastic remedy invoked

only in extraordinary situations; petitioner must show right to writ clear and indisputable).  As to the

third factor, defendant has not identified any irreparable harm if a stay is not granted.  At the same time,

except for further delay in the 450 Case, it does not appear that a stay would harm the government.  As

to the final factor, the public interest appears to be best served by bringing this case to a conclusion in

light of the government's reasons for dismissal discussed below.  The government has asked to dismiss

the case and defendant has not presented any legitimate reason to delay dismissal.  The above factors

weigh against a stay of this case pending the Tenth Circuit resolution of this matter on appeal.  The

Court therefore proceeds to evaluate defendant's motion to recuse and the government's motion to

dismiss.

## II.      Defendant's Motion To Recuse (Doc. #358)

On September 30, 2011, some three months after defendant filed his notices of appeal related

to appointment of counsel, defendant filed a motion for recusal under 28 U.S.C. § 455(a).  Under

Section 455(a), federal judges must disqualify themselves in any proceeding in which their partiality

might reasonably be questioned.  Switzer v. Berry, 198 F.3d 1255, 1257 (10th Cir. 2000); see Code of

Conduct for United States Judges, Canon 3C(1).  The judge's subjective state of mind is irrelevant.  See

United States v. Cooley, 1 F.3d 985, 993 (10th Cir. 1993).  The test is whether a reasonable person,

knowing all the relevant facts, would harbor doubts about the judge's impartiality.  Hinman v. Rogers,

831 F.2d 937, 939 (10th Cir. 1987).  The statutory guidance for recusal must also be read in light of a

judge's "duty to sit" on cases filed with the court.  See Nichols v. Alley, 71 F.3d 347, 351 (10th Cir.

1995) ( judge has as strong a duty to sit when no legitimate reason to recuse as she does to recuse when

law and facts require).  The statute is not intended to give litigants veto power over sitting judges, or

as a vehicle for obtaining a judge of their choice.  Cooley, 1 F.3d at 992-93.  Consequently, a judge

should not recuse on unsupported, irrational or highly tenuous speculation.  Hinman, 831 F.2d at 939.

Here, defendant argues that (1) in the order on defendant's motions to dismiss, the undersigned

judge added facts that were not part of the evidentiary hearing on defendant's motions; (2) at the

evidentiary hearing on defendant's motions to dismiss, the undersigned judge commented that

"[d]efendant's explanation was the most ridiculous excuse that she [had] ever heard and that the

Defendant could have mailed the money back to the bank, and that the Defendant's excuse for not

paying back his bank was not acceptable;" (3) in the order granting defendant's motion to withdraw

plea, the undersigned judge commented that she did not believe defendant was innocent in either the

263 Case or the 450 Case; (4) at sentencing in the 263 Case, the undersigned judge commented that

defendant was also guilty in the 450 Case even though that case had not been tried; and (5) at

sentencing in the 263 Case, the undersigned judge said three different times that "her objective is to

keep this Defendant in jail for as long as she possibly could to protect society."  Doc. #358 at 1-2.

As to the first claim related to the Court's factual statement in the order on defendant's motions

-4-

to dismiss, defendant has not alleged specifically how the Court erred in its recitation of the relevant

facts or explained how any alleged error was based on partiality.  As to the remaining claims, defendant

has not accurately set forth the statements of the undersigned judge.  As to the second claim, defendant

does not cite any portion of the hearing transcript to support his assertion that the Court called his

explanation "the most ridiculous excuse that she [had] ever heard."  Doc. #358 at 1.  At the end of the

hearing on defendant's motions to dismiss, the Court commented as follows:

> DEFENDANT: . . .  What he failed to state in his own affidavit, that they instructed me, as the Court heard a few minutes ago, not to communicate with bank official or risk of prosecution for interfering with a witness.
>
> THE COURT: You know, I don't understand that argument, because it seems like you could have mailed them a check if you wanted to, and you wouldn't be interfering with anything.  And your witness didn't say that he instructed you not to send a check, so -- I think that argument is sort of a non-starter.

Hearing Transcript (Doc. #396) at 254.  In the order on defendant's motions to dismiss, the Court noted

as follows:

> As to the 263 Case, defendant argues that Leiker told defendant not to have direct contact with Magee, and thereby prevented him from repaying ELCU.  This argument is frivolous.  Defendant does not explain how Leiker prevented him from repaying ELCU.  On April 28, 2008 when Leiker told him not to contact Magee, defendant knew the overdrawn amount and the ELCU mailing address.  He obviously could have re-paid the overdrawn amount.  Leiker's instruction in that regard was not shocking, outrageous or intolerable, and it did not prevent defendant from paying his account balance.  In any event, actual loss is not an element of bank fraud.  See United States v. Deters, 184 F.3d 1253, 1258 (10th Cir. 1999) (pecuniary loss not required for mail fraud); United States v. Aigbevbolle, 827 F.2d 664, 666 (10th Cir. 1987) (success of fraudulent scheme not required; offense completed when defendant devised fraudulent scheme and placed letter in mail in furtherance of scheme).  Accordingly, the alleged interference in the repayment was immaterial to the alleged bank fraud.  Moreover, defendant does not dispute that Chase and Washington Mutual suffered actual losses and he has not shown that the government interfered with his efforts to repay these institutions.

Memorandum And Order (Doc. #175) at 32 (text modified to include footnote).  In any event, the

characterization of defendant's argument as frivolous or ridiculous does not suggest partiality or

antagonism toward defendant.

As to the third claim related to the Court's comments on defendant's innocence, the Court noted

as follows in the order granting defendant's motion to withdraw his plea:

> Based on the trial of the 263 Case and the prior hearing on defendant's motions in both
> the 263 and 450 Cases, the Court finds that defendant's present allegations do not
> support his assertion of innocence.

Memorandum And Order (Doc. #279) at 5 n.4.  Defendant's assertion of innocence is one of the

relevant factors in determining whether to allow a defendant to withdraw his plea under

Rule 11(d)(2)(B), Fed. R. Crim. P.  United States v. Sandoval, 390 F.3d 1294, 1298 (10th Cir. 2004).

The Court's comment addressed the relevance of defendant's "defenses" (selective and vindictive

prosecution, selective and vindictive investigation, sham prosecution and investigation and outrageous

government conduct) in relation to his assertion of innocence on the underlying charges.

As to the fourth claim, defendant does not cite any portion of the sentencing transcript which

reflects the Court's comments as to his guilt in the 450 Case.  Neither the sentencing transcript, see

Transcript Of Sentencing (Doc. #393 in 263 Case), nor the presentence investigation report, see Doc.

#313, supports defendant's assertion.  It appears that defendant is objecting to the Court's finding at

sentencing that he failed to appear for the fifth day of his jury trial in the 263 Case.  At the time of

sentencing, defendant also had a pending case which charged him with failure to appear in violation

of 18 U.S.C. § 3146.  See D. Colo. No. 10-cr-621 ("621 Case").  In the 263 Case, the Court enhanced

defendant's sentence two levels for obstruction of justice based on its finding by a preponderance of

the evidence that defendant failed to appear for the fifth day of trial.  The Court did not opine whether

defendant would be found guilty by a jury in the 621 Case under the more stringent reasonable doubt

standard.  See United States v. Tindall, 519 F.3d 1057, 1063 (10th Cir. 2008) (at sentencing,

-6-

government bears burden of proving any facts necessary to support sentence enhancement by preponderance of evidence).  The Court's comments as to the obstruction of justice enhancement do not reflect partiality.

As to defendant's fifth claim, at sentencing the Court noted that it was placing greatest weight on the need to protect the community from further crimes by this defendant, but it did not state any objective to keep defendant "in jail for as long as" possible.  In particular, the Court commented as follows:

> Of all the sentencing factors which pertain under section 3553(a) of the sentencing guidelines, *I'm placing the greatest weight on protecting the community from further crimes by this defendant*.  * * *
>
> I'm also required, most importantly, to consider the purposes of sentencing set forth in section 3553.  These include promoting – giving you a sentence which reflects the seriousness of your crime, promotes respect for the law, provides just punishment for your crime, deters you and other people from committing crimes like this in the future, *protects the public from further crimes by you*, and also provides you with any necessary educational or vocational training, medical care, or other correctional treatment in the most effective manner.
>
> In addition, I'm required to take into account the need to provide restitution to any victims of your offense.  When I take these factors into account, as I said before, *I need to heavily underscore the need to protect the public from further crimes by you*.

Transcript Of Sentencing (Doc. #393) at 80, 82 (emphasis added).  The Court's comments merely reflect a balancing of the relevant sentencing factors under Section 3553(a).  They do not reflect antagonism toward defendant.

A reasonable person with access to the relevant facts (including the context of the actual statements) would not question the impartiality of the undersigned judge.[4]  Adverse rulings almost

---

[4] Defendant cites several cases which are inapposite.  See United States v. Franco-Guillen, 196 Fed. Appx. 716 (10th Cir. 2006); United States v. Nickl, 427 F.3d 1286 (10th Cir. 2005); United
(continued...)

never provide a basis for recusal, nor do opinions formed or expressed by a judge based upon the record "unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." Liteky v. United States, 510 U.S. 540, 554-55 (1994). The comments here were based upon the cases before the undersigned judge, not some extra-judicial source, and they do not reflect deep-seated favoritism or antagonism that would make fair judgment impossible. See id. at 555-56 (expressions of impatience, dissatisfaction, annoyance and even anger do not support bias challenge unless they display deep-seated favoritism or antagonism); United States v. Wisecarver, 644 F.3d 764, 771-72 (8th Cir. 2011) (no reasonable observer would have perceived that judge could not continue to rule impartially in subsequent proceedings despite comment at sentencing that defendant's factual argument was "just a figment of his imagination" and finding for sentencing purposes that defendant committed assault despite jury's acquittal on that count); United States v. Ransom, No. 09-6342, 2011 WL 2600609, at *4-5 (6th Cir. June 30, 2011) (recusal not required based on prior finding in supervised release revocation proceeding that defendant was not credible); United States v. Stewart, 378 Fed. Appx. 773, 776-77 (10th Cir. 2010) (recusal not required based on comment that defendant "cannot

---

[4](...continued)
States v. Antar, 53 F.3d 568 (3d Cir. 1995). In Franco-Guillen, the district judge made comments about Hispanics which would cause a reasonable person to harbor doubts about his impartiality. See 196 Fed. Appx. at 718-19 ("I will not put up with this from these Hispanics or anybody else, any other defendants" followed by "I've got another case involving a Hispanic defendant who came in here and told me that he understood what was going on and that everything was fine and now I've got a 2255 from him saying he can't speak English"). In Nickl, the district judge gave commentary and essentially testified before the jury on an issue which the prosecution was otherwise unable to establish. See 427 F.3d at 1294-95. In Antar, the district judge announced that his "object in this case from day one has always been to get back to the public that which was taken from it as a result of the fraudulent activities of this defendant and others." 53 F.3d at 573. In light of the fact that the same judge had previously entered a repatriation order in a civil case which required defendant to return some $52 million, the Third Circuit concluded that the district court's stated goal during trial of the criminal case was improper and in itself required the judge to recuse himself. See id. at 574. None of the comments by the undersigned judge in this case rise to the level of those in Franco-Guillen, Nickl or Antar.

control himself in any context, let alone before a jury"); United States v. Pulido, 566 F.3d 52, 56, 62 (1st Cir. 2009) (recusal not required based on prior comment in sentencing memorandum in related case that defendant was a "throughly corrupt police officer"), cert. denied, 131 S. Ct. 632 (2010); Edmond v. Athlete's Foot Group, 15 Fed. Appx. 738, 740 (10th Cir. 2001) (recusal not required in civil matter simply because judge presided in previous criminal matter involving same party); Hinman, 831 F.2d at 939 (judge should not recuse on unsupported, irrational or highly tenuous speculation); In re Corrugated Container Antitrust Litig., 614 F.2d 958, 963–64, 966 (5th Cir. 1980) (recusal not required in civil case simply because judge made evidentiary rulings during criminal trial in which defendant was also involved); Smith v. United States, 360 F.2d 590, 592 (5th Cir. 1966) (trial judge familiar with defendant's background by reason of having tried him in previous cases is not disqualified to try same defendant in subsequent cases); cf. Berger v. United States, 255 U.S. 22, 28 (1921) (finding extreme bias where district judge stated that it was difficult "not to be prejudiced against the German Americans" because "[t]heir hearts are reeking with disloyalty").  The Court therefore overrules defendant's motion to recuse under Section 455(a).[5]

## III.   Government's Motion To Dismiss (Doc. #352)

The government asks the Court to dismiss the indictment under Rule 48 of the Federal Rules of Criminal Procedure.  Rule 48(a) permits the government to dismiss an indictment with leave of court. While leave of court is required, a court is generally required to grant a prosecutor's Rule 48(a) motion

---

[5]     Recusal also is not required under 28 U.S.C. § 455(b)(1), which states that a judge shall disqualify herself where she has "a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding."  The undersigned has no personal bias or prejudice against Mr. Wilson, or personal knowledge of disputed facts concerning the 263 or 450 Cases.  The undersigned firmly believes that she can continue to treat Mr. Wilson impartially in this case.

unless dismissal is "clearly contrary to manifest public interest."  United States v. Romero, 360 F.3d

1248, 1251 (10th Cir. 2004) (quoting United States v. Carrigan, 778 F.2d 1454, 1463 (10th Cir. 1985)).

Even so, the trial court at the very least must know the prosecutor's reasons for seeking to dismiss the

indictment and the facts underlying the prosecutor's decision.  United States v. Derr, 726 F.2d 617, 619

(10th Cir. 1984).

The government seeks to dismiss the indictment because (1) the sentence of ten years in prison

in the 263 Case properly effectuated the sentencing factors in 18 U.S.C. § 3553; (2) should defendant

be convicted in the 450 Case, the Court has discretion to impose a sentence which is partially or

completely concurrent with the sentence in the 263 Case; (3) the United States Attorney's Office has

limited resources; (4) it is unlikely that the government would be able to collect restitution from

defendant on behalf of the victims of the crimes charged in the 450 Case either now or in the

foreseeable future; and (5) dismissal of the indictment is not clearly contrary to the public interest.  The

principal object of the "leave of court" requirement is to protect a defendant against "prosecutorial

harassment, e.g., charging, dismissing, and recharging, when the Government moves to dismiss an

indictment over the defendant's objection."  Romero, 360 F.3d at 1251 (quoting Rinaldi v. United

States, 434 U.S. 22, 29 n.15 (1977)). In this case, protection of defendant from prosecutorial harassment

is not an issue because the government does not intend, and concedes it cannot based on the statute of

limitations, re-charge defendant based on the conduct alleged in the indictment.  Accordingly, dismissal

of the indictment does not appear to be clearly contrary to manifest public interest.

Defendant does not oppose dismissal, although he claims that the dismissal should include

findings on governmental misconduct and fraud on the Court.  See Reply In Opposition To Motion To

Dismiss (Doc. #357) filed September 30, 2011.  For reasons set forth elsewhere in the record, the Court

finds that defendant's allegations are insufficient to warrant a further evidentiary hearing.  Even if the

Court were to find defendant's arguments credible and substantiated, which they are not, the most

drastic remedy available in this criminal action would be dismissal of the indictment, which is precisely

what the government seeks in the present motion albeit under a different theory.  See United States v.

Kilpatrick, 821 F.2d 1456, 1474-75 (10th Cir. 1987) (dismissal most drastic remedy for prosecutorial

misconduct).  For substantially the reasons stated in the government's motion (Doc. #352), the Court

finds that pursuant to Rule 48(a) of the Federal Rules of Criminal Procedure, the indictment should be

dismissed.

**IT IS THEREFORE ORDERED** that defendant's Motion For Judge Recusal 28 U.S.C.S.

Section 455(a) (Doc. #358) filed September 30, 2011 be and hereby is **OVERRULED.**

**IT IS FURTHER ORDERED** that the Government's Motion To Dismiss Indictment (Doc.

#352) filed September 20, 2011 be and hereby is **SUSTAINED**.  **Pursuant to Rule 48(a) of the**

**Federal Rules Of Criminal Procedure, the Court hereby dismisses the Indictment (Doc. #1).**

Dated this 11th day of October, 2011, at Kansas City, Kansas.

> s/ Kathryn H. Vratil
> KATHRYN H. VRATIL
> United States District Judge